**Petition of ACCHIONE.**

**No. 11234.**

United States Court of Appeals
Third Circuit.

Argued May 17, 1954.

Decided June 10, 1954.

Robert J. Spiegel, Philadelphia, Pa.
(W. Wilson White, U. S. Atty., Philadel-
phia, Pa., William B. Taffet, District
Counsel, Immigration and Naturaliza-
tion Service, Philadelphia, Pa., on the
brief), for appellant.

Filindo B. Masino, Philadelphia, Pa.
(Abraham E. Freedman, Freedman, Lan-
dy & Lorry, Philadelphia, Pa., on the
brief), for appellee.

Before McLAUGHLIN, STALEY and
HASTIE, Circuit Judges.

PER CURIAM.

In this repatriation case the district
court granted the application and the
Government appeals.

The facts are substantially undisputed.
Appellee's father, now deceased, became
a naturalized citizen of this country on
June 26, 1905. Appellee was born in
Italy, January 23, 1913, acquirig Amer-
ican citizenship at birth. R.S. § 1993, 8
U.S.C. §§ 1431–1433. In October, 1915,
the father returned to Italy where he re-
mained until his death. On October 18,
1917, he reacquired Italian nationality
by virtue of Italy's Nationality Law of
1912, Article 9(3). He was deemed to
have expatriated himself on that date by
our State Department. Appellee voted
in the 1946 Italian election. Until some
time in 1948 she had no knowledge of her
father's prior United States citizenship
or of possibility on her part of a right to
American citizenship. Within a month
thereafter she applied to the United
States Consul at Rome for a passport
presenting at the time her father's
"citizen paper". Later she furnished the
Consul other documents and a photograph
requested by him. The latter said that
as soon as he received an answer from
Washington he would let her know. The
application was not acted upon until
1951 when she was notified that she had
lost her United States citizenship by
having voted in the 1946 Italian election.
In March, 1953, the Consul advised her
that she was eligible to proceed to this
country to seek repatriation. She came
here May 7, 1953. Her petition under
Section 402(j) of the Immigration and
Nationality Act of 1952, 8 U.S.C. § 1435
note, was filed July 22, 1953.

The Government concedes that under the 1952 statute voting in the 1946 Italian election would not bar appellee's petition. It urges, however, that the application must be denied under the 1940 Nationality Act. Section 401(a) of that Act, 8 U.S.C. § 801(a)* provides in part:

"That a person who has acquired foreign nationality through the naturalization of his parent or parents, and who at the same time is a citizen of the United States, shall, if abroad and he. has not hertofore expatriated himself as an American citizen by his own voluntary act, be permitted within two years from the effective date of his (sic) chapter to return to the United States and take up permanent residence therein, and it shall be thereafter deemed that he has elected to be an American citizen. Failure on the part of such person to so return and take up permanent residence in the United States during such period shall be deemed to be a determination on the part of such person to discontinue his status as an American citizen, and such person shall be forever estopped by such failure from thereafter claiming such American citizenship."

The argument is made that the above law deals wholly with the objective fact. Therefore even though appellee had no knowledge of her right to American citizenship until 1948 since she did not come to America within two years of January 13, 1941 (the effective date of the Act) she committed an overt act of expatriation and should be considered as having elected to remain a citizen of Italy. This contention is squarely opposed to our decision in Perri v. Dulles, 3 Cir., 1953, 206 F.2d 586. In that case under quite similar facts we held in 206 F.2d at page 591: ‹

"that the two years period of limitation must also be regarded as not beginning to run until the plaintiff learned that he had a claim to American citizenship. For to provide that a citizen 'shall be forever estopped' from claiming citizenship by his failure to return to the United States at a time when he was wholly unaware of his citizenship would certainly be to deprive him of it arbitrarily and without his knowledge, much less. his concurrence."

The order of the District Court will be affirmed.

---

* Now Immigration and Nationality Act, § 349, 8 U.S.C.A. § 1481(a).